IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIEL GONZALEZ, | No. C 13-1142 LHK (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| vs. | |
| PAUL BRAZELTON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's motion to proceed in forma pauperis is GRANTED. For the reasons that follow, the Court dismisses the petition.

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is

Order of Dismissal
G:\PRO-SE\LHK\HC.13\Gonzalez142discr.wpd

1  appropriate only where the allegations in the petition are vague or conclusory, palpably

2  incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir.

3  1990) (quoting *Blackledge v. Allison*,  431 U.S. 63, 75-76 (1977)).

4  B.  Petitioner's Claims

5  Petitioner claims that while he was housed at the Central Training Facility, the

6  correctional staff failed to protect him.  Petitioner appears to be alleging cruel and unusual

7  punishment, retaliation, and other challenges to the conditions of his confinement.

8  However, the petition does not attempt to challenge either the Petitioner's conviction or

9  the length of his sentence.  Success in this action would not result in his release or any change in

10 his sentence.  Where, as here, a successful challenge to a prison condition or to action by an

11 outside party will not necessarily shorten the prisoner's sentence, a civil rights action under 42

12 U.S.C. § 1983 is proper and habeas jurisdiction is absent.  *See Ramirez v. Galaza*, 334 F.3d 850,

13 859 (9th Cir. 2003); *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action

14 proper method of challenging conditions of confinement).

15 Although a district court may construe a habeas petition by a prisoner attacking the

16 conditions of his confinement or some other condition that he contends violates his constitutional

17 rights as pleading civil rights claims under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404

18 U.S. 249, 251 (1971), the Court declines to do so here.  The difficulty with construing a habeas

19 petition as a civil rights complaint is that the two forms used by most prisoners request different

20 information and much of the information necessary for a civil rights complaint is not included in

21 the habeas petition filed here.  Examples of the potential problems created by using the habeas

22 petition form rather than the civil rights complaint form include the potential omission of

23 intended Defendants, potential failure to link each Defendant to the claims, and potential absence

24 of an adequate prayer for relief.  Additionally, there is doubt whether the prisoner is willing to

25 pay the civil action filing fee of $350.00 rather than the $5.00 habeas filing fee to pursue his

26 claims.  The habeas versus civil rights distinction is not just a matter of using different pleading

27 forms.  It is not in the interest of judicial economy to allow prisoners to file civil rights actions

28 on habeas forms because virtually every such case, including this one, will be defective at the

Order of Dismissal
G:\PRO-SE\LHK\HC.13\Gonzalez142discr.wpd          2

1  outset and require additional court resources to deal with the problems created by the different
2  filing fees and the absence of information on the habeas form.

3                                  **CONCLUSION**

4      For the foregoing reasons, this petition is DISMISSED without prejudice.  The Clerk
5  shall terminate all pending motions and close the file.
6      IT IS SO ORDERED.

7  DATED:   6/3/13
8                                                                LUCY H. KOH
                                                                 United States District Judge

Order of Dismissal
G:\PRO-SE\LHK\HC.13\Gonzalez142discr.wpd          3